**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | |
|---|---|
| Ohio Farmers Insurance Company,   ) | |
|         ) | |
|     Plaintiff and  ) | |
|     Counter-Defendant,  ) | |

Ohio Farmers Insurance Company,                    )
                                                   )
            Plaintiff and                          )
            Counter-Defendant,                     )
                                                   )
                                                   )
                                                   )
      vs.                                          )     **ORDER DENYING GRAHAM**
                                                   )     **CONSTRUCTION SERVICES'**
                                                   )     **MOTION TO DISMISS AND STAYING**
Graham Construction Services, Inc.                 )     **ALL FURTHER FEDERAL COURT**
                                                   )     **PROCEEDINGS**
            Defendant and                          )
            Cross-Defendant,                       )
                                                   )     Case No. 4:11-cv-081
      vs.                                          )
                                                   )
Adventure Divers, Inc.                             )
                                                   )
            Defendant,                             )
            Cross-Claimant, and                    )
            Counter-Claimant.                      )
_____

Before the Court is Graham Construction Services, Inc.'s ("Graham Construction") "Motion to Dismiss Complaint of Ohio Farmers Insurance Company and Cross Claim of Adventure Divers, Inc." filed on November 15, 2011.  See Docket No. 16.  For the reasons set forth below, the Court denies Graham Construction's motion, abstains from exercising jurisdiction in this dispute under the Federal Declaration Judgment Act, and stays all further proceedings in federal court until a final resolution of the parallel state court proceedings in Minnesota has occurred.

I.      **BACKGROUND**

Graham Construction Services, Inc. is a construction company with its principal place of business in Eagan, Minnesota.  See Docket No. 1, p. 1.  Ohio Farmers Insurance Company is a commercial surety company with its principal place of business in Westfield, Ohio.  Adventure Divers,

Inc. ("ADI") is a North Dakota corporation engaged in the business of underwater contracting, with its principal place of business in Minot, North Dakota.

On or about November 7, 2008, Graham Construction entered into a contract with the Standing Rock Sioux Tribe for the construction of a fresh water intake structure known as the Indian Memorial Intake Phase 1, in Mobridge, South Dakota. Graham Construction entered into a subcontract with ADI in which ADI agreed to perform underwater work on the Mobridge project. The contract between Graham Construction and ADI contains the following choice of law and forum selection clauses:

> This Subcontract shall be governed by the laws of the State in which contractor is incorporated. Contractor shall have the exclusive and unilateral right, at its option, to require that the venue for any legal action under this Subcontract be in the State of its incorporation Superior Court of its choosing, or in the county that the Project is located, and Subcontractor expressly agrees to Contractor's exercise of such option.

See Docket Nos. 18-1 and 18-2.

The contract between Graham Construction and ADI requires ADI to obtain and deliver a performance bond which named Graham Construction as the obligee. ADI obtained a performance bond from Ohio Farmers Insurance. The bond contains a choice of law and forum selection clause which provides that "[a]ny proceeding, legal or equitable, under this bond may be instituted in any court of competent jurisdiction in the location in which the work or part of this work is located . . . ." See Docket No. 18-4. Thus, the contract provides that Minnesota law governs the contracts and grants Graham Construction the exclusive right to select the forum for any litigation under the contracts.

On or about October 1, 2009, Graham Construction entered into a contract to construct a fresh water intake structure for the City of Parshall, North Dakota. On or about December 2, 2009, Graham Construction entered into a subcontract agreement with ADI. See Docket No. 18-3. An identical choice of law and forum selection clause as appears in the Mobridge contract also appears in the Parshall contract. See Docket No. 18-3. ADI was required in the Parshall contract to obtain and deliver a performance bond which named Graham Construction as the obligee. ADI again obtained

a performance bond from Ohio Farmers Insurance.  <u>See</u> Docket No. 18-5.  The bond contains an identical forum selection clause as the Mobridge project bond agreement.  <u>See</u> Docket No. 18-5.

Problems arose during the work conducted at both the Mobridge and Parshall projects which gave rise to this action.  This dispute arises out of the two contracts entered into between Graham Construction and ADI.

The record reveals that Ohio Farmers Insurance claims that ADI was required to dredge 50-square feet of a lake bed and attach a water intake screen in the Mobridge contract.  <u>See</u> Docket No. 1, p. 3.  ADI discovered that, unlike the conditions described in the project plan which claimed the lake bed was primarily silt and loose mud, the lake bed was composed of hard clay.  ADI notified Graham Construction of the unexpected conditions and sought to review alternative plans with Graham Construction and the Standing Rock Sioux Tribe, the owners of the Mobridge project.  The parties did not reach an agreeable resolution.  ADI completed the work nonetheless.  Ohio Farmers Insurance contends that Graham Construction owes ADI at least $662,306.90 for work completed on the Mobridge project.  As to the Parshall project, Ohio Farmers Insurance contends that ADI was obligated to assist with the drilling of two pipe lines, supply and install an intake screen structure, and supply and install a waste outlet structure.  <u>See</u> Docket No. 1, p. 5.  Graham Construction allegedly delayed ADI's access to the project site from the summer of 2010 to the winter of 2010-2011, which ADI claims was a substantial change considering the additional work and precautions required for winter underwater diving.  Graham Construction allegedly requested that ADI complete work in addition to the obligations set forth in the contract.  Ohio Farmers Insurance alleges that Graham Construction failed to pay ADI for any work performed on the Parshall project.  In addition to the failure to pay, Ohio Farmers Insurance contends that Graham Construction interfered with ADI's performance by failing to coordinate, supervise, or direct the subcontractors working on the Parshall project.

3

Graham Construction contends that ADI failed to timely and properly complete the contracted work on the Mobridge project.  See Docket  No. 17, p. 3-4.  In late November 2010, ADI  notified Graham Construction and the Standing Rock Sioux Tribe that ADI  believed it had completed the work.  However, the work apparently did not meet the contract specifications and ADI's work failed inspection.  The Standing Rock Sioux Tribe provided an extension of time to complete the project, but ADI's work allegedly failed to meet the specifications a second time.  Graham Construction terminated ADI from the Mobridge project and hired a replacement contractor to complete the project. As to the Parshall project, Graham Construction claims that the contract required ADI to complete its work by the fall of 2010.  See Docket No. 17, p. 5.  Graham Construction granted a time extension to ADI to complete the work by March 31, 2011, "pursuant to a revised schedule."  Graham Construction terminated ADI from the Parshall project after ADI failed to complete its work by May 2011, and hired a replacement contractor to complete the project.

On October 11, 2011, Ohio Farmers Insurance filed a declaratory judgment action in federal court in North Dakota.  See Docket No. 1.  Ohio Farmers Insurance claims that ADI met its obligations under the contracts for the Parshall and Mobridge projects, and requests the Court declare that (1) it owes nothing to Graham Construction under the performance bonds, or (2) in the alternative, that Ohio Farmer Insurance's aggregate liability to Graham Construction is limited to the penal sum of the bond agreements and any amount owed to Graham Construction is subject to a set-off from what Graham Construction may owe ADI.

On November 9, 2011, ADI filed a "Separate Answer of Adventure Divers, Inc., to Complaint, Counterclaim Against Ohio Farmers Insurance Company, and Cross Claim Against Graham Construction, Inc."  See Docket No. 15.  ADI's cross-claim alleges that Graham Construction breached the contracts.

On November 14, 2011, Graham Construction filed an action in Minnesota state court against ADI and Ohio Farmers Insurance.  See Docket No. 18-9.  Graham Construction alleges that ADI breached the contracts and Ohio Farmers Insurance breached the performance bond agreements.

On November 15, 2011, Graham Construction filed a "Motion to Dismiss Complaint of Ohio Farmers Insurance Company and Cross Claims of Adventure Divers, Inc."  See Docket No. 16. Graham Construction contends that the Court should dismiss the claims against it, abstain from exercising jurisdiction, or transfer the claims to Minnesota.  On December 6, 2011 and January 5, 2012, Ohio Farmers Insurance and ADI filed responses in opposition to the motion.  See Docket Nos. 25 and 31.  Graham Construction filed reply briefs on December 20, 2011 and February 8, 2012.  See Docket No. 28 and 50.  On February 10, 2012, a hearing was held in Bismarck, North Dakota.

On February 23, 2012, Ohio Farmers Insurance filed an amended complaint.  See Docket No. 57.  Graham Construction renewed its motion requesting that the Court to dismiss, abstain from exercising jurisdiction, or transfer the claims to Minnesota.  See Docket No. 59.  On March 26, 2012, Ohio Farmers Insurance filed response brief in opposition.  See Docket No. 67.

On November 21, 2011, Ohio Farmers Insurance removed Graham Construction's state court lawsuit in Minnesota to federal district court in Minnesota.  See Case No. 11-cv-3414 (D. Minn.).  On December 12, 2011, Graham Construction filed a motion to remand the action back to the Minnesota state court.  On March 27, 2012, Chief Magistrate Judge Arthur J. Boylan issued a Report and Recommendation, and recommended that the federal district court grant Graham Construction's motion to remand.  On April 19, 2012, Chief Judge Michael J. Davis adopted the Report and Recommendation, and granted Graham Construction's motion to remand the action to the state court in Minnesota.  See Case No. 11-cv-3414 (D. Minn.), Docket No. 58.  Thus, the companion case in Minnesota involving the same parties and the same claims is currently pending and venued in state district court in Minnesota.

## II.   LEGAL DISCUSSION

Generally, a federal district court must exercise its jurisdiction over a claim unless there are "exceptional circumstances" for not doing so.  Scottsdale Ins. Co. v. Detco Indust, Inc., 426 F.3d 994, 996 (8th Cir. 2005) (citing Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16-19 (1983); Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976)).  In Wilton v. Seven Falls Co., the United States Supreme Court held that  "although the District Court ha[s] jurisdiction of the suit under the Federal Declaratory Judgment Act, it [is] under no compulsion to exercise that jurisdiction."  515 U.S. 277, 282 (1995) (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942)).

In Wilton v. Seven Falls Co., the plaintiffs filed a federal declaratory judgment action and the defendants filed a parallel state court action concerning the same dispute.  The federal district court dismissed the declaratory judgment action and the Fifth Circuit Court of Appeals upheld the decision. Id. 515 U.S. at 280-81.  The United States Supreme Court held that the Declaratory Judgment Act was an enabling act which "created an opportunity, rather than a duty, to grant a new form of relief to qualified litigants."  Id. at 288.  The Declaratory Judgment Act states that a federal court "*may* declare the rights and other legal relations of any interested party seeking such a declaration . . ." and the Supreme Court found the Act's permissive language supported the conclusion that a district court has broad discretion to exercise jurisdiction or not.  Id. at 286 (emphasis in original).

The Supreme Court in Wilton discussed at length Brillhart v. Excess Ins. Co. of Am., 515 U.S. 277 (1943) which provided several non-exclusive factors to consider in determining whether to exercise jurisdiction over a federal declaratory judgment action when a parallel state court action has been filed:

> [A] district court should examine "the scope of the pending state court proceeding and the nature of th defenses open there." . . . .  This inquiry, in turn, entails consideration of "whether the claims of all parties in interest can satisfactorily be adjudicated in that

proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." . . . .  Other cases, the Court noted, might shed light on additional factors governing a district court's decision to stay or to dismiss a declaratory action at the outset. . . .  But *Brillhart* indicated that, at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in "gratuitous interferences," . . . if it permitted the federal declaratory action to proceed.

Wilton, 515 U.S. at 283 (quoting Brillhart, 316 U.S. at 495) (citation omitted).

The Minnesota state court action initiated by Graham Construction involves the same parties and the same claims as the declaratory judgment action initiated by Ohio Farmers Insurance in North Dakota.  Minnesota state law will apply and the state court proceedings will resolve the dispute.  The Eighth Circuit Court of Appeals has consistently held that a federal district court does not abuse its discretion by abstaining when a parallel state court action involves the same parties and disputes, state law applies, and the state court proceedings would resolve the dispute.  See Evanston Ins. Co. v. Johns, 530 F.3d 710, 713 (8th Cir. 2008) ("If the pending state court proceeding would better settle the issues, the district court must dismiss the federal action because it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.") (quoting Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874-75 (8th Cir. 2000) (internal quotations and original citation omitted)); Cincinnati Indem. Co. v. A & K Constr. Co., 542 F.3d 623, 624-25 (8th Cir. 2008); Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008).

Ohio Farmers Insurance contends that the Court should exercise its jurisdiction, in part, because it filed its lawsuit first.  The record reveals that Ohio Farmers Insurance filed this federal court action on October 11, 2011.  Graham Construction filed the state court action in Minnesota approximately a month later on November 14, 2011.  The circumstances in this case are similar to

those in <u>Wilton</u>.  In <u>Wilton</u>, an insurance company disputed whether an insurance policy covered an insured's liability.  <u>See</u> <u>Wilton</u>, 515 U.S. at 279-80.  On February 24, 1993, the insurance company filed a declaratory judgment action in federal district court in Texas.  On March 26, 1993, the insured filed a state court action.  Despite the fact the insurance company filed its declaratory judgment action in federal court before the insured's state court action, the Supreme Court in <u>Wilton</u> held that the federal district court did not abuse its discretion when it abstained from exercising jurisdiction.

The Eighth Circuit has held that abstention is appropriate when, as here, a parallel state court action involves the same parties and disputes, state law applied, and the state court proceedings would resolve the dispute.  <u>Evanston</u>, 530 F.3d at 713; <u>Cincinnati Indem. Co.</u>, 542 F.3d at 624-25; <u>Haverfield</u>, 218 F.3d at 874-75; <u>Royal Indem. Co.</u>, 511 F.3d at 793.  The Court finds that it is appropriate to abstain from exercising jurisdiction over this matter.  All of the claims of the parties can be satisfactorily adjudicated in the pending state court proceedings in Minnesota.  Further, Minnesota law will apply based on the choice of law and forum selection clauses contained in the contracts.

Graham Construction has requested a dismissal of Ohio Farmers Insurance's declaratory judgment action.  However, it is well-established that a stay of the proceedings is generally the more appropriate course of action.  <u>See</u> <u>Royal Indem.</u>, 511 F.3d at 797 ("where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy.") (quoting <u>Wilton</u>, 515 U.S. at 288 n.2)); <u>Int'l Ass'n of Entrepreneurs of Am. v. Angoff</u>, 58 F.3d 1266, 1271 (8th Cir. 1995) ("Here, while the state court action may finally resolve the case, it is also possible that further federal proceedings may prove necessary.  So long as a possibility remains, a stay rather than dismissal is the preferred mode of

abstention.").  The Court will abstain from exercising its jurisdiction in this dispute, and will stay the action in federal court until the parallel proceedings in state court in Minnesota are resolved.

### III.   <u>CONCLUSION</u>

The Court has carefully reviewed the record and relevant case law.  For the reasons set forth above, the Court **DENIES** Graham Construction's motion (Docket No. 16), abstains from exercising jurisdiction under the Federal Declaratory Judgment Act, and **STAYS** all federal court proceedings until a resolution of the parallel state court proceedings in Minnesota has occurred.

**IT IS SO ORDERED.**

Dated this 3rd day of May, 2012.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court